1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  LAMONT SHEPARD,                          **Case No.  1:18-cv-00277-MJS (PC)**

12            Plaintiff,                     **FINDINGS AND RECOMMENDATIONS
                                             TO DENY MOTION TO PROCEED IN
13       v.                                  FORMA PAUPERIS**

14  M. FORUM, et al.,                        **(ECF No. 7)**

15            Defendants.                    **ORDER DIRECTING CLERK OF COURT
                                             TO ASSIGN DISTRICT JUDGE**

16
                                             **FOURTEEN-DAY OBJECTIONS
17                                           DEADLINE**

18

19       Plaintiff is a state prisoner proceeding pro se in this civil rights action filed on

20  February 26, 2018. (ECF No. 1.) Plaintiff has not prepaid the filing fee as required by

21  Local Rule 121(c). He did however file a request for the Clerk of Court to tell him how to

22  submit funds to the Court. (Id.) In response, on March 2, 2018, the Court directed

23  Plaintiff to consult the Local Rules as to how to pay the filing fee. (ECF No. 5.) Plaintiff

24  was, nonetheless, directed to, within thirty days, pay the appropriate filing fee or file a

25  motion to proceed in forma pauperis. (Id.)

26       On March 14, 2018, Plaintiff filed a motion to proceed in forma pauperis. (ECF

27  No. 7.) For the reasons set forth below, the motion should be denied.

28

**I.      Motion to Proceed In Forma Pauperis**

Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**A.      Three Actions Dismissed for Failure to State Claim**

Plaintiff has brought three actions that were dismissed for failing to state a claim. See Shepard v. Cannolly, No. 2:11-cv-0126-UA-MAN (C.D. Cal. Feb. 17, 2011); Shepard v. Johnson, et al., No. 1:11-cv-01726-SKO PC (E.D. Cal. Aug. 7, 2012); Shepard v. Munoz, et al., No. 1:12-cv-01470-GSA-PC (E.D. Cal. Oct. 8, 2013).

Two of these actions were dismissed by a Magistrate Judge based upon Plaintiff's consent under 28 U.S.C. §636(c)(1).. See Shepard v. Johnson, et al., No. 1:11-cv-01726-SKO PC (E.D. Cal. Aug. 7, 2012); Shepard v. Munoz, et al., No. 1:12-cv-01470-GSA-PC (E.D. Cal. Oct. 8, 2013).

The Ninth Circuit recently held that Magistrate Judges do not have jurisdiction over a case until all parties (both served and unserved) have consented to Magistrate Judge jurisdiction. Williams v. King, 875 F.3d. 501 (9th Cir. 2017). "An error in interpreting a statutory grant of jurisdiction is not, however, equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984) (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376-77 (1940). The dismissal of Plaintiff's prior cases by a Magistrate Judge may still be properly counted as a strike for purposes of the PLRA since those decisions have become final. See Chicot, at 375 (holding parties who had the opportunity to raise the question of invalidity of jurisdiction are bound by rulings thereunder because they failed to raise it), 376-77 (holding that decision errantly entertained under jurisdiction conferred by statute that was subsequently declared

1  invalid could "not be assailed collaterally") (citing <u>Cromwell v. County of Sac</u>, 94 U.S.

2  351, 352 (1876); <u>Case v. Beauregard</u>, 101 U.S. 688, 692 (1879); <u>Baltimore Steamship</u>

3  <u>Co. v. Phillips</u>, 274 U.S. 316, 319, 325 (1927); <u>Grubb v. Public Utilities Commission</u>, 281

4  U.S. 470, 479 (1930))).

5        All of Plaintiff's actions noted above were dismissed before Plaintiff filed the

6  present action on February 26, 2018. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g)

7  and is precluded from proceeding in forma pauperis in this action unless at the time the

8  complaint was filed, he was under imminent danger of serious physical injury.

9        **B.    Imminent Danger Exception**

10        The imminent danger exception applies if "the complaint makes a plausible

11  allegation that the prisoner faced 'imminent danger of serious physical injury' at the time

12  of filing." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit

13  interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must

14  allege that prison officials have continued with a practice that has injured him or others

15  similarly situated in the past. <u>Id.</u> at 1056-57.

16        A prisoner seeking to invoke the imminent danger exception in § 1915(g) must

17  make specific, credible allegations of imminent danger of serious physical harm.  <u>McNeil</u>

18  <u>v. U.S.</u>, 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing <u>Kinnell v. Graves</u>, 265 F.3d

19  1125, 1127-28 (10th Cir. 2001), and <u>White v. Colorado</u>, 157 F.3d 1226, 1232 (10th Cir.

20  1998)). Vague, speculative, and non-specific allegations are insufficient. <u>See</u> <u>Pauline v.</u>

21  <u>Mishner</u>, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory

22  allegations of possible future harm to himself or others are insufficient to trigger the

23  "imminent danger of serious physical injury" exception to dismissal under § 1915(g));

24  <u>Cooper v. Bush</u>, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that

25  he will commit suicide, or that he has already attempted suicide and will do so again,

26  are insufficient to show imminent danger); <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074,

27  1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the

28  defendants to beat, assault, injure, harass and retaliate against him are not enough.

1 These allegations are insufficient and lack the specificity necessary to show an
2 imminent threat of serious physical injury.").

3    Here, the Court has reviewed Plaintiff's complaint, and finds that Plaintiff is not at
4 imminent risk of suffering "serious physical injury." He alleges that Defendants
5 conspired to restrict his ability to file administrative grievances in retaliation for filing past
6 complaints. (ECF No. 1.) The complained of action does not expose him to risk of
7 physical injury.

8 **II.    Conclusion**

9    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a District
10 Judge to this action to address the below recommendations.

11    Furthermore, IT IS HEREBY RECOMMENED that Plaintiff's motion to proceed in
12 forma pauperis (ECF No. 7) be denied and that Plaintiff be required to submit the filing
13 fee within 14 days of the Order adopting these recommendations.

14    These Findings and Recommendations will be submitted to the United States
15 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
16 636(b)(l). Within **fourteen (14) days** after being served with these Findings and
17 Recommendations, the parties may file written objections with the Court.  The document
18 should be captioned "Objections to Magistrate Judge's Findings and
19 Recommendations."  The parties are advised that failure to file objections within the
20 specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772
21 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.
22 1991)).

23
24 IT IS SO ORDERED.

25    Dated:    March 20, 2018        /s/ *Michael J. Seng*
26                                                UNITED STATES MAGISTRATE JUDGE
27
28
4