UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BORUM, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00277-DAD-JDP<br><br>ORDER FOR DEFENDANTS TO SHOW CAUSE WHY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE GRANTED<br><br>ECF No. 29<br><br>10-DAY DEADLINE |

　　　　Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges retaliation in violation of his First Amendment rights, claiming that he was punished for submitting grievances and filing lawsuits. Defendants are employees of Kern Valley State Prison, where plaintiff was imprisoned at the time of the alleged incidents.[1] Before the court is plaintiff's motion for summary judgment.[2] ECF No. 29.

　　　　We order defendants to show cause why the court should not grant plaintiff's motion for summary judgment on the merits. Plaintiff has met his initial burden of showing the absence of a genuine issue of material fact and that judgment is appropriate as a matter of law. Defendants, for

---

[1] Plaintiff remains incarcerated but has since been transferred to another facility. ECF No. 41.

[2] Plaintiff titles his motion for summary judgment "for failure to exhaust administrative remedies," although he argues the merits of his case therein. ECF No. 29 at 1. Plaintiff appears to have some confusion about deadlines and submitted his motion for summary judgment in time for the deadline to file a motion for failure to exhaust administrative remedies. *See* ECF No. 31.

1

reasons unknown to us, have not challenged plaintiff's factual allegations. Defendants' only docket entry that challenges the merits of plaintiff's arguments is in defendants' answer. ECF No. 19. As defendants are well aware, a party opposing summary judgment may not simply rest upon its pleadings but "must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents . . . that contradict the facts shown" by the moving party. ECF No. 32-1 (quoting *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)). Further, defendants did not even cite to their own answer in opposition to summary judgment as required by Rule 56. Fed. R. Civ. P. 56(c)(1)(A); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

Instead of addressing the merits of plaintiff's arguments, defendants allege that plaintiff's motion should be denied because it did not include a statement of facts and because defendants have not taken plaintiff's deposition. *See* ECF No. 30. Defendants' first argument—that plaintiff omitted a statement of facts—defies reality; plaintiff included a statement of facts with his motion. *See* ECF No. 29 at 3-5 (summarizing the facts), 8-12 (reciting "uncontroverted facts"). Defendants' second argument—that they should get a chance to take plaintiff's deposition—is not properly before the court; to obtain discovery under Rule 56(d), a party must file a motion. *See* Fed. R. Civ. P. 56(d)(2); *Barona Grp. of Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1987) ("References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56([d])." (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986))).

Even if defendants had raised their Rule 56(d) argument in a motion, it would fail, since defendants have not explained why they need information from plaintiff's deposition. They have not shown "what further discovery would reveal that is essential to justify [their] opposition to the motion for summary judgment." *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quotation marks and citation omitted). Here, plaintiff has provided his account of the facts in multiple documents filed on the record, including in his motion for summary judgment; his

perspective is hardly absent.³ We do not understand why defendants would need any evidence beyond their own statements to oppose plaintiff's version of events. In any case, it is defendants' burden to set forth such arguments in an appropriate motion. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) ("The requesting party must show [that]: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are *essential to oppose* summary judgment." (emphasis added)). Thus, defendants have identified no procedural obstacles to plaintiff's motion for summary judgment.

Although defendants have failed to produce a competent response to plaintiff's motion for summary judgment, we recognize that the court has some discretion for how to address this failure. *See* Fed. R. Civ. P. 56(e). Our first option is to "give an opportunity to properly support or address the fact[s]." Fed. R. Civ. P. 56(e)(1). The corresponding notes to this option recognize that "[i]n many circumstances this opportunity will be the court's preferred first step." Fed. R. Civ. P. 56 Advisory Committee Notes (2010). Alternatively, the facts may be considered "undisputed for the purposes of the motion," Fed. R. Civ. P. 56(e)(2), and the court may grant summary judgment where, as here, the moving party has shown that he is entitled to it, Fed. R. Civ. P. 56(e)(3).

For these reasons, defendants are ordered to show cause why summary judgment on the merits should not be entered against them. Should defendants have some basis for providing additional evidence in opposition to summary judgment, they must brief that basis and provide all proposed evidence within ten days from the date of entry of this order.

---

³ It is not apparent that defendants have read plaintiff's motion. Tellingly, information that defendants claim to lack is included in plaintiff's motion. *Compare* ECF No. 30 at 6 *with* ECF No. 29 at 3-5, 8-12, 15-27.

IT IS SO ORDERED.

Dated:     March 2, 2020                              _____
                                                      UNITED STATES MAGISTRATE JUDGE

No. 204.