UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BORUM, *Correctional Officer at Kern Valley State Prison*; *et al.*,<br><br>　　　　　Defendants. | No. 1:18-cv-00277-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 32, 49) |

Plaintiff Lamont Shepard is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2019, defendants moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that plaintiff had failed to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 32.) On March 3, 2020, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be denied. (Doc. No. 49.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 6.) On March 16, 2020, plaintiff filed a document titled "Objections to Magistrate Judge's Findings and Recommendations" in which he states that he actually agrees with the findings and

1

recommendations. (Doc. No. 54 at 1.) Defendants filed objections on March 17, 2020, arguing that summary judgment should be granted in favor of defendant J. Acebedo because plaintiff did not exhaust his administrative remedies with respect to his claim against Acebedo. (Doc. No. 55 at 2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including both parties' objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In their objections, defendants note that defendant Acebedo was not added to plaintiff's inmate appeal until it had reached the third level of review. (Doc. No. 55 at 2.) According to defendants, this violates the prison's grievance procedures and means that plaintiff failed to exhaust administrative remedies against Acebedo. (*Id.* at 3–4.) Defendants' argument in this regard is not persuasive. California's prison appeal procedures require a prisoner to "state all facts known and available to him/her regarding the issue being appealed at the time of submitting." Cal. Code Regs., tit. 15 § 3084.2(a)(4). Here, plaintiff initially filed an inmate grievance asserting retaliation, Appeal Log No. KVSP-16-01786 ("inmate appeal 01786"), on May 24, 2016, alleging that defendant M. Borum had informed him that he would be placed on c-status[1] for being a "legal beagle."[2] (Doc. No 49 at 4; *see* Doc. No. 13 at 2.) Plaintiff also alleged that defendants Borum and Acebedo then followed up on Borum's threat by placing him on c-status on June 1, 2016. (Doc. Nos. 29 at 16; 49 at 4.) Plaintiff then included in his inmate appeal at the third level of review a claim against defendant Acebedo for being "in on the retaliation." (*See* Doc. No. 32-4, Ex. C at 40.)

Although defendants contend that there was "nothing in Plaintiff's grievance . . . that would have put prison officials on notice of Plaintiff's claim against Acebedo," (Doc. No. 55 at

---

[1] C-status is a type of prison disciplinary action that entails the loss of various privileges and rights. (*See* Doc. No. 13 at 2.)

[2] According to plaintiff, a "legal beagle" is an inmate who files grievances and civil rights actions against prison staff and correctional officers. (Doc. No. 13 at 2.)

2), it is clear that plaintiff's allegations against defendant Acebedo originate from the incident that prompted him to file inmate appeal 01876 in the first place. As the Ninth Circuit has explained:

> Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1120. The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citations omitted).

*Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016). Here, plaintiff did so with respect to his claim against defendant Acebedo by alerting prison officials to the possibility that he would be retaliated against by being placed on c-status. (Doc. No 49 at 4; *see* Doc. No. 13 at 2.) As the magistrate judge concluded in the pending findings and recommendations, "[t]his is sufficient to alert the prison to the retaliation issue and specific enough to inform any corrective action." (Doc. No. 49 at 5.)

Moreover, defendants' cramped reading of California's prison regulations is not consistent with the text of California Code of Regulations, tit. 15 § 3084.2(a)(4), which requires only that a prisoner "state all facts known and available to him/her regarding the issue being appealed at the time of submitting." That prison officials allegedly failed to prevent Borum from following through on her threat of retaliation, and that she had the assistance of Acebedo to do so, does not create a new "issue" that requires plaintiff to restart the entire process. *See Smith v. Gonzales*, No. 1:17-cv-00436-DAD-GSA(PC), 2020 WL 814133, at *2 (E.D. Cal. Feb. 19, 2020), *reconsideration denied*, No. 1:17-cv-00436-DAD-GSA(PC), 2020 WL 1182578 (E.D. Cal. Mar. 12, 2020) ("To the extent that a prison's failure to resolve a retaliation claim at the first or second level of review spawns further, related acts of retaliation, an inmate should include those claims at each subsequent level of administrative review."); *see also Howard v. Foster*, 208 F. Supp. 3d 1152, 1158–59 (D. Nev. 2016) (holding that the administrative exhaustion requirement was not violated when the plaintiff added allegations of further, related retaliation to a retaliation claim that was pending at the first level of administrative review). To permit such a perverse outcome

3

would not only harm grievants, but also disincentivize prison officials from acting expeditiously to resolve problems within the prison system, frustrating the primary purpose of the PLRA, which is "to alert the prison to a problem and facilitate its resolution[.]" *Griffin*, 557 F.3d at 1120.

Although defendants correctly point out that California Code of Regulations, tit. 15 § 3084.1(b) states that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted [appeal]," construing that provision as applicable under the circumstances presented here would render it irreconcilable with § 3084.2(a)(4), which expressly permits a grievant to state *only all facts known at the time the original grievance was filed*. The surplusage canon, *see Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant" (citation and internal quotation marks omitted)), and the harmonious-reading canon, *see Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme and fit, if possible, all parts into an harmonious whole." (citations and internal quotation marks omitted)), obligate the court to read these provisions congruously, if possible. The undersigned concludes that the most coherent interpretation of these two regulatory provisions is as follows: § 3084.1(b) *generally* forbids exhaustion of any unrelated new issues, information, or persons, *see* Cal. Code Regs., tit. 15 § 3084.1(b) ("Unless otherwise stated in these regulations . . . ."), but § 3084.2(a)(4) expressly permits a grievant to include facts about issues, information, or persons directly related to an existing inmate appeal that were not available at the time the appeal was originally submitted. Thus, § 3084.1(b) does not compel a finding here that plaintiff failed to exhaust his claim against defendant Acebedo prior to filing suit.

Plaintiff has therefore successfully exhausted his administrative remedies against defendants.

Accordingly:

1. The findings and recommendations issued on March 3, 2020 (Doc. No. 49), are adopted in full;

4

2. Defendants' motion for summary judgment (Doc. No. 32) is denied; and

3. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 19, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE