UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>              Plaintiff,<br><br>       v.<br><br>M. BORUM, *Correctional Officer at Kern Valley State Prison*, *et al.*,<br><br>              Defendants. | No. 1:18-cv-00277-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 28, 53, 59) |

     Plaintiff Lamont Shepard is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On March 16, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for summary judgment be denied because there are genuine disputes of material facts precluding summary judgment.  (Doc. No. 53.)  The magistrate judge simultaneously discharged an order to show cause against defendants.  (*Id.*)  The findings and recommendations were served upon both parties and contained notice that any objections were to be filed within fourteen (14) days of service.  (*Id.* at 5.)  After receiving an extension of time to do

/////

1

so, plaintiff filed timely objections to the findings and recommendations on April 8, 2020. (Doc. Nos. 58, 61.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, plaintiff argues that summary judgment should be granted in his favor by attempting to discredit defendants' factual assertions. (Doc. No. 61.) However, the admissions that plaintiff relies on do not eliminate the dispute in facts between the parties. As defendants point out, the fact that defendants Borum and Acebedo admitted to error does not necessarily mean that they engaged in retaliation. (Doc. No. 52 at 8–9.) Accordingly, the granting of summary judgment in favor of plaintiff is not appropriate given the dispute in material facts established by the evidence before the court.

Separately, on March 30, 2020, plaintiff also filed a motion for reconsideration of the magistrate judge's decision to discharge the order to show cause directed to defendants. (Doc. No. 59; *see* Doc. Nos. 50, 53.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

Here, plaintiff merely raises the same arguments included in his objections to the findings and recommendations. (Doc. No. 59.) For the same reasons noted above, the court concludes that plaintiff's arguments do not provide a basis for reconsideration.

Accordingly:

1. The findings and recommendations issued on March 16, 2020 (Doc. No. 53) are adopted in full;

2. Plaintiff's motion for summary judgment (Doc. No. 29) is denied; and

3. Plaintiff's motion for reconsideration (Doc. No. 59) is denied.

IT IS SO ORDERED.

Dated:   **May 28, 2020**                                     _____
                                                              UNITED STATES DISTRICT JUDGE