| | |
|---|---|
| LAMONT SHEPARD,<br><br>Plaintiff,<br><br>v.<br><br>M. BORUM, J. ACEBEDO,<br><br>Defendants. | Case No. 1:18-cv-00277-DAD-HBK (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 69) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Pending review before the Court is Defendants' motion to strike, or in the alternative, opposition to Plaintiff's untimely second motion for summary judgment. (Doc. No. 69).

I. BACKGROUND

Plaintiff Lamont Shepard, a state prisoner, initiated this action on February 21, 2018[1] by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Defendants M. Borum and J. Acebedo. (Doc. No. 1). Plaintiff is proceeding on his first amended complaint. (Doc. No. 13). On March 6, 2019, the Court issued a discovery and scheduling order (Doc. No. 20), which was thrice modified. (Doc. Nos. 26, 51, 63). The final order modifying the scheduling order set the

---

[1] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

1

dispositive motion deadline as June 5, 2020. (Doc. No. 63). On May 28, 2019, Plaintiff filed a merits-based motion for summary judgment[2] (Doc. No. 29) and on July 8, 2019, Defendants filed an exhaustion-based motion for summary judgment. (Doc. No. 32). Plaintiff's merits-based motion for summary judgment was denied (Doc. Nos. 53, 64), and Defendants' exhaustion-based motion for summary judgment was denied. (Doc. Nos. 49, 56). The case proceeded to discovery. On June 5, 2020, Defendants' filed a merits-based motion for summary judgment. (Doc. No. 65). On June 9, 2020, Plaintiff filed a second merits-based motion for summary judgment. (Doc. No. 66). The Court now considers whether to strike Plaintiff's second merits-based motion for summary judgment as untimely and repetitive, as moved for by the Defendants. (Doc. No. 69).

## II. APPLICABLE LAW AND ANALYSIS

A. <u>Timeliness</u>

As an initial matter, Plaintiff's second motion for summary judgment was filed on June 9, 2020, three days after the dispositive motions deadline.[3] (*See* Doc. No. 63). Plaintiff states that he mistakenly believed the dispositive motions deadline was July 5, 2020, not June 5, 2020. (Doc. No. 70 at 3).

A document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [the Court is obligated] to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). A three-day filing delay is not excessive, and Defendants have not demonstrated that they suffered any prejudice from the delay. *See Ross v. White*, No. 2:17-CV-04149-ODW-JC, 2018 U.S. Dist. LEXIS 116508, at *2 (C.D. Cal. July 12, 2018) (denying motion to strike entirety of answer filed three days late, noting lack of evidence of prejudice or harm and in light of the general proposition that cases should be decided on the merits).

---

[2] Although Plaintiff titled his motion for summary judgment, in part, as a motion addressing exhaustion, Plaintiff also addresses the merits of his case. (*See generally* Doc. No. 29).

[3] The parties agree that Plaintiff filed his second motion for summary judgment on June 9, 2020, the date Plaintiff provided prison officials with the motion for mailing in accordance with the prison mailbox rule. (Doc. No. 69 at 3; Doc. No. 70 at 3).

2

Accordingly, considering that Plaintiff is proceeding *pro se* in this matter and that Defendants have not shown they were prejudiced by the three-day delay, the court will *nunc pro tunc* consider Plaintiff's motion timely filed.

### B. Plaintiff Relies on Expanded Record

The Court now turns to Defendants' argument that Plaintiff's second motion for summary judgment should be stricken as repetitive. (Doc. No. 69 at 4-6). Defendants argue that Plaintiff's second motion for summary judgment simply rehashes arguments made in his first motion for summary judgment. (*Id*.).

"Rule 56 [of the Federal Rules of Civil Procedure] . . . does not bar successive motions." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). And the Ninth Circuit has explicitly held "that district courts have discretion to entertain successive motions for summary judgment." *Id*. Because the "denial of summary judgment does not preclude a contrary later grant of summary judgment," allowing a party to "file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Id*. (quoting Fed. R. Civ. P. 1). Permitting a successive summary judgment motion is especially appropriate where the motion relies on new evidence or an expanded factual record. *Id*.

Here, Plaintiff filed his first motion for summary judgment prior to the close of discovery. Although the basic gravamen of Plaintiff's arguments are the same between the two motions— that Defendants retaliated against him for exercising his right to file prison grievances—Plaintiff has further developed his arguments in his second motion for summary judgment and has relied on an expanded record.[4] For example, Plaintiff has produced and relies upon Defendants' discovery responses. (Doc. No. 66 at 5-10, 18, 20). Moreover, Plaintiff has produced additional documentary evidence in his second motion for summary judgment, such as the first level screening for grievance No. KVSP-O-16-01786 (*id*. at 37-38); property grievance form No.

---

[4] In Plaintiff's first motion for summary judgment, he alleges that Defendants placed him on "c-status" in retaliation for being a "legal beagle." (Doc. No. 29 at 7). In his second motion for summary judgment, Plaintiff again argues that Defendants placed him on c-status in retaliation for being a legal beagle in violation of his First Amendment rights. (*See generally* Doc. No. 66).

KVSP-0-16-03072 and accompanying third-level modification order (*id*. at 47-48, 50); and Plaintiff's own declaration. (*Id*. at 51-52).

Taking into consideration that successive motions for summary judgment are permitted in the Ninth Circuit, that this court has the discretion to allow such motions, and that Plaintiff relies on an expanded record in his second motion, the Court will permit and consider Plaintiff's second motion for summary judgment. Accordingly, Defendants' motion to strike Plaintiff's second motion for summary judgment is denied.

The Court's ruling to accept Plaintiff's second motion for summary judgment is not to be construed as a ruling on the merits of Plaintiff's second motion. The Court will consider the merits of Plaintiff's second motion and Defendants' objections thereto in due course.

Accordingly, it is ORDERED:

Defendants' motion to strike Plaintiff's second motion for summary judgment (Doc. No. 69) is DENIED.

IT IS SO ORDERED.

Dated:     June 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE