UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BORUM, J. ACEBEDO,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00277-DAD-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' CROSS MOTION TO STRIKE<br><br>(Doc. No. 73) |

Pending before the Court is Plaintiff's pleading titled "Motion to Dismiss Defendants' Motion for Summary Judgement and Grant Plaintiff's Request in Full Due to Perjury," which the Court construes as an unauthorized surreply. (Doc. No. 72). In response, Defendants filed a cross motion to strike, or in the alternative, opposition to the motion. (Doc. No. 73).

I. BACKGROUND

Plaintiff Lamont Shepard, a state prisoner, initiated this action on February 21, 2018[1] by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Defendants M. Borum and J. Acebedo. (Doc. No. 1). Plaintiff is proceeding on his first amended complaint. (Doc. No. 13).

---

[1] The Court applies the "prison mailbox rule" to *pro se* prisoner complaint, deeming the pleading filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

On May 23, 2019, Plaintiff filed a merits-based motion for summary judgment[2] (Doc. No. 29) and on July 8, 2019, Defendants filed an exhaustion-based motion for summary judgment. (Doc. No. 32). The court denied both motions for summary judgment. (See Doc. Nos. 49, 56 and 53, 64). The case proceeded to discovery. Defendants filed a merits-based motion for summary judgment on June 5, 2020. (Doc. No. 65). Plaintiff filed an opposition to Defendants' merit-based motion for summary judgment on June 14, 2020. (Doc. No. 67). And, Defendants filed a reply to Plaintiff's opposition on July 1, 2020. (Doc. No. 68). Thereafter, without requesting leave, Plaintiff filed a the construed surreply on July 19, 2020. (Doc. No. 72). Separately, Plaintiff also filed a second merits-based motion for summary judgment on June 9, 2020, which the court accepted. (Doc. Nos. 66, 77).

## II. APPLICABLE LAW AND ANALYSIS

As an initial matter, Plaintiff styles his surreply as a motion to dismiss. A motion to dismiss is improper at this stage of litigation where both parties have conducted discovery and moved for summary judgment. *Compare* Fed. R. Civ. P. 12 *with* Fed. R. Civ. P. 56. Defendants urge the Court to strike Plaintiff's filing because it is repetitive of Plaintiff's other filings, or, in the alternative, to construe Plaintiff's filing as an unauthorized surreply and strike it from the record. (*See generally* Doc. No. 73).

Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). However, district courts have discretion to permit, or preclude, a surreply. *Id.* at 1133 (other citations omitted). While courts are required to provide *pro se* litigants leniency, the court generally views motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.* (other citations omitted).

---

[2] Although Plaintiff titled his motion for summary judgment, in part, as a motion addressing exhaustion, Plaintiff also addressed the merits of his case. (*See generally* Doc. No. 29).

## III. ANALYSIS

Here, Defendants' motion for merits-based summary judgment was deemed submitted and ripe for review on July 1, 2020 when Defendants filed their reply to Plaintiff's opposition. (Doc. No. 68). Plaintiff then filed a surreply to Defendants' reply. (Doc. No. 72). Plaintiff has not requested leave to file a surreply nor shown good cause to file a surreply. Because Federal Rule of Civil Procedure 12(f) authorizes the court to strike any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter, the court will grant Defendants' motion and will strike Plaintiff's surreply. Accordingly, the court will not consider the arguments in Plaintiff's surreply. (Doc. No. 72).

Accordingly, it is now ORDERED:

1. Defendants' motion to strike plaintiff's surreply (Doc. No. 73) is GRANTED.

2. The Clerk of Court shall strike plaintiff's pleading titled "Motion to Dismiss Defendants' Motion for Summary Judgement and Grant Plaintiff's Request in Full Due to Perjury" (Doc. No. 72), construed as a surreply.

IT IS SO ORDERED.

Dated: June 3, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE