UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. BORUM, J. ACEBEDO,<br><br>　　　　Defendant. | Case No. 1:18-cv-00277-DAD-HBK<br><br>ORDER DENYING PLAINTIFFS MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 82) |

Plaintiff Lamont Shepard, a state prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on February 26, 2018. (Doc. No. 1). Pending before the Court is Plaintiff's motion to appoint counsel filed July 30, 2021. (Doc. No. 82).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if

exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff states that he requires appointment of counsel for the following reasons: it is unfair that Defendants have counsel and Plaintiff does not, Plaintiff is indigent, Plaintiff lacks legal expertise, Plaintiff has limited access to the law library, and the issues in this case are complex, necessitating the presentation of evidence and cross examination of witnesses at trial. (Doc. No. 82 at 1).  Plaintiff has not met his "burden of demonstrating exceptional circumstances*."  Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).

Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Despite Plaintiff's *pro se* and incarcerated status, he faces the same obstacles all *pro se* prisoners face, such as limited access to the law library and limited legal knowledge.  Challenges preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).  Contrary to Plaintiff's assertion, the Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  From the pleadings filed in this case, Plaintiff has demonstrated an ability to prosecute this case *pro se*.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 82) is DENIED.


Dated:     August 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2