|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LAMONT SHEPARD, | Case No. 1:18-cv-00277-DAD-HBK |
|---|---|
| Plaintiff, | ORDER REFERRING CASE TO ADR AND STAY OF CASE FOR 30 DAYS |
| v. | |
| M. BORUM, J. ACEBEDO, | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| Defendants. | |

Plaintiff Lamont Shepard, a state prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on February 26, 2018. (Doc. No. 1). Shepard is proceeding on his first amended complaint. (Doc. No. 13). Both Plaintiff and Defendants filed merits-based motions for summary judgment. (Doc. No. 65, 66). On July 13, 2021, the undersigned issued findings and recommendations to deny the motions for summary judgment. (Doc. No. 80). On September 7, 2021, the District Judge assigned to this case adopted the findings and recommendations, denying both motions for summary judgment, and referred the case back to the undersigned for further proceedings. (Doc. No. 84).

The Court refers all civil rights cases filed by *pro se* individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are

waived by the parties' participation.

Attempting to resolve this matter through settlement now would save the parties the time and expense of preparing for trial. The Court therefore will STAY this action for 30 days to allow the parties to meet and confer and participate in a settlement conference. The Court presumes that all civil rights cases assigned to the undersigned will proceed to a settlement conference. If, however, after meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the settlement conference. If either party opts out or the settlement is unsuccessful, the Court will set the case for trial.

Accordingly, it is **ORDERED**:

1. This action will be **STAYED for 30 days** to allow the parties an opportunity to settle their dispute. No pleadings or motions may be filed in this case during the stay.

2. **Within 30 days** from the date of this Order, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable. **If either party objects to a settlement conference, the Court will set the case for trial.**

4. If the parties consent to a settlement conference or fail to file objections by the expiration period, the Court by separate Order will assign this matter to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5. If the parties reach a settlement prior to the settlement conference, they **SHALL** file a Notice of Settlement as required by Local Rule 160

6. The Clerk of Court shall serve Deputy Attorney General Brian S. Chan and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's first amended complaint (Doc No. 13); the Court's findings and recommendations denying the merits-based motions for summary judgment (Doc No. 80); and this Order.

7. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated:     September 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3