UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

Plaintiff,

v.

M. BORUM, J. ACEBEDO,

Defendants.

Case No. 1:18-cv-00277-DAD-HBK

ORDER SETTING SETTLEMENT CONFERENCE

(Doc. No. 96).

Plaintiff Lamont Shepard, a state prisoner, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. §1983. The court has determined that this case will benefit from a further settlement conference. Therefore, this case will be referred to Magistrate Judge Dennis M. Cota to conduct a settlement conference on March 10, 2022 at 9:30 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. The Court will issue the necessary transportation order in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Dennis M. Cota on March 10, 2022 at 9:30 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.
2. A representative with full and unlimited authority to negotiate and enter into a binding

settlement on the defendants' behalf shall attend in person[1].

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Parties are directed to submit confidential settlement statements no later than March 3, 2022 to dmcorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Dennis M. Cota, USDC CAED, 2986 Bechelli Lane, Suite 300, Redding, California 96002 so it arrives no later than March 3, 2022. The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length,

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989) (cited with approval in *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993)). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003) (amended on recon. in part, *Pitman v. Brinker Int'l., Inc.*, 2003 WL 23353478 (D. Ariz. 2003)). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596-97 (8th Cir. 2001).

typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c. A summary of the proceedings to date.

d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

e. The relief sought.

f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

g. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

h. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.

5. Judge Cota or another representative from the court will be contacting the parties either by telephone or in person, approximately two weeks prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

6. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Kern Valley State Prison via facsimile at (661) 720-4949 or via email.

Dated: February 4, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE