1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   LAMONT SHEPARD,                          No. 1:18-cv-00277-ADA-HBK (PC)

12                    Plaintiff,              FINAL PRETRIAL ORDER

13          v.                                Deadlines:

14   M. BORUM, J. ACEBEDO,                    Proposed Jury Instructions: **March 2, 2023**
                                              Objections to Proposed Jury Instructions:
15                    Defendants.             **March 7, 2023**

16                                            Motions *in Limine* Filing: **Feb. 28, 2023**
17                                            Oppositions to Motions *in Limine*: **March 7,
                                              2023**
18
                                              Trial Submissions: **Feb. 28, 2023 (misc)**
19                                            Jury Trial: **March 14, 2022 8:30 am (3-4 days)**
20                                            Court Room 1; jury trial; in person

21

22          On October 11, 2022, the Court conducted a pretrial conference in this action.  Plaintiff

23   Lamont Shepard appeared *pro se* via Zoom; Deputy Attorney Brian S. Chan appeared via Zoom

24   as counsel for Defendants Borum and Acebedo.  Having considered the parties' pretrial

25   statements, the Court issues this tentative pretrial order.

26          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights

27   action brought pursuant to 42 U.S.C. § 1983 against Defendants Borum and Acebedo.  Plaintiff

28   claims that Defendants Borum and Acebedo violated the First Amendment and retaliated against

                                              1

1  him by placing him on C-Status for filing complaints against staff and correctional officers.

2      At the pretrial conference, Plaintiff and Defendants indicated a willingness to meet and

3  confer before the scheduled trial. If parties desire a final settlement conference, they are

4  instructed to contact the chambers of the assigned magistrate judge or file a notice requesting to

5  schedule final settlement conference before the assigned magistrate judge.

6  I.   JURISDICTION/VENUE

7      Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.  Jurisdiction is not contested.

8  The events at issue took place in Delano, California.  Accordingly, venue is proper pursuant to 28

9  U.S.C. § 1391(b).  Venue is also not contested.

10  II.  JURY

11      Defendants demanded a jury trial (Doc. Nos. 19, 108) The jury will consist of seven

12  jurors.

13  III. UNDISPUTED FACTS

14      a.  Plaintiff Lamont Shepard (K-29682) is a California state prisoner.

15      b.  At the time of the events, Defendants M. Borum and J. Acebedo worked at Kern

16          Valley State Prison.  Defendant M. Borum was employed as a Correctional Counselor

17          I and Defendant J. Acebedo was employed as a Correctional Counselor II.

18      c.  The events occurred at Kern Valley State Prison in Delano, California.

19      d.  At some point in June 2016, Plaintiff had a classification hearing and both Defendants

20          Borum and Acebedo participated in the hearing.

21      e.  Plaintiff reportedly had three Rules Violation Reports, and as a result of the

22          classification hearing, Plaintiff was placed on "C-Status."[1]

23  IV. DISPUTED FACTUAL ISSUES

24      a.  Whether Defendant Borum told Plaintiff on May 24, 2016, that Plaintiff would be

25          placed on C-Status for being a "legal beagle."

26  _____

27  [1] Plaintiff also refers to his classification as C/C Status.  Upon review of the various pleadings,
including parties pretrial statements, the Court finds that the parties are referring to the same
classification status when they say either "C-Status" or "C/C Status."  For the sake of uniformity,

28  the Court will refer to Plaintiff's Classification status as "C-Status."

2

  b. Whether Defendants Borum and Acebedo were aware of Plaintiff's history of filing administrative grievances or complaints with the courts.

  c. Whether Defendants Acebedo and Borum's actions during the June 2016 classification committee hearing were motivated by Plaintiff's litigation or administrative grievance-filing history.

  d. Whether Defendants Acebedo or Borum ever indicated to Plaintiff during the June 2016 classification committee hearing that they were placing Plaintiff on C-Status because of his litigation or administrative grievance-filing history.

  e. Whether Defendants Acebedo or Borum's actions during the events in question served a legitimate correctional goal, including the legitimate correctional goal.

  f. Whether Plaintiff suffered any damages as a result of Defendant's actions.

  g. Whether Defendants Acebedo or Borum acted with the required mindset for imposing punitive damages against them.

## V. DISPUTED LEGAL ISSUES

None listed.

## VI. DISPUTED EVIDENTIARY ISSUES

  a. **Evidentiary Issues** -- Defendants Acebedo and Borum

    i. Whether evidence concerning any of Plaintiff's claims that have been dismissed is admissible for any purpose.

    ii. Whether Plaintiff should be able to offer any evidence regarding Defendants' involvement in other lawsuits, claims, inmate grievances, or incidents alleging misconduct.

    iii. Whether Plaintiff should be able to offer evidence or testimony regarding any settlement discussions the parties may have had.

    iv. Whether Plaintiff should be able to offer evidence that the State may pay the judgment or reimburse Defendants in the event a judgment is rendered against them.

    v. Whether Plaintiff should be able to offer any evidence of punitive damages.

      vi.  Whether the abstracts of judgment or other evidence of felony convictions for Plaintiff or any incarcerated witnesses are admissible for impeachment purposes.

      vii.  Whether any written statements by inmate witnesses are admissible.

  b.  **Evidentiary Issues** – Plaintiff

      i.  Whether Defendants knew they were retaliating against Plaintiff.

      ii.  Whether Defendants knew Rules Violation Report Log Number FA-15-08-077R was outdated.

VII.    <u>MOTIONS IN LIMINE</u>

The parties have not yet filed motions *in limine*. The purpose of a motion *in limine* is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion *in limine*, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

In advance of filing any motion *in limine*, counsel shall meet and confer to determine whether they can resolve any disputes and avoid filing motions *in limine*. Along with their motions *in limine*, the parties shall file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.

Any motions *in limine* the parties intend to file must be filed with the Court no later than **February 28, 2023**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court no later than **March 7, 2023.** Upon receipt of

4

1  any opposition briefs, the Court will notify the parties if a reply brief is necessary and whether it

2  will hear argument on any motions *in limine* prior to the first day of trial.  As such, parties shall

3  **not** file any reply briefs without Court approval. The parties are reminded they may still object to

4  the introduction of evidence during trial.

5  VIII.    SPECIAL FACTUAL INFORMATION

6          Special factual information pursuant to Local Rule 281(b)(6) is not applicable to this

7  action.

8  IX. RELIEF SOUGHT

9          a.    **Plaintiff**

10                i.    Plaintiff seeks attorneys' fees, court costs, $350,000.00 in punitive

11                      damages requesting each defendant pay half, and $20,000.00 in general

12                      damages from each defendant.

13          **b.  Defendants**

14                i.    Defendants Acebedo and Borum seek judgment in their favor, award of

15                      costs, and other relief the Court deems proper.

16  X.  POINTS OF LAW

17          a.   **42 U.S.C. § 1983**

18          The Civil Rights Act under which this action was filed provides:

19              Every person who, under color of any statute, ordinance, regulation,
                custom, or usage, of any State or Territory or the District of Columbia,
20              subjects, or causes to be subjected, any citizen of the United States or
                other person within the jurisdiction thereof to the deprivation of any
21              rights, privileges, or immunities secured by the Constitution and laws,
                shall be liable to the party injured in an action at law, suit in equity, or
22              other propre proceeding for redress . . . .

23          42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

24  provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

25  U.S. 386, 393–94 (1989) quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also*

26  *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d

27  730, 734 (9th Cir. 2012).

28  *///*

1   Under 42 U.S.C. § 1983, a plaintiff is required to prove that the defendant (1) acted under

2   color of state law and (2) deprived him of federally protected constitutional rights. 42 U.S.C. §

3   1983; *West v. Atkins,* 487 U.S. 42 (1988).  A plaintiff must demonstrate that the defendant

4   personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th

5   Cir. 2002).  There is no *respondeat superior* liability under Section 1983, and the defendant is

6   only liable for his own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948-49

7   (2009); *see also Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92 (1978); *See Taylor v.*

8   *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

9   b.  **First Amendment Retaliation**

10   Under the First Amendment, prison officials may not retaliate against prisoners for

11   engaging in protected conduct, such as initiating litigation or filing administrative grievances.

12   *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).  A plaintiff must prove five basic

13   elements. *Id.*

14   First, Plaintiff must show that a state actor took an adverse action against him. *Id.* An

15   adverse action need not be explicit or specific, or an independent constitutional violation.

16   *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009); *Watison v. Carter*, 668 F.3d 1108, 1114

17   (9th Cir. 2012). Rather, "the mere *threat* of harm can be an adverse action, regardless of whether

18   it is carried out because the threat itself can have a chilling effect." *Brodheim,* 584 F.3d at 1270

19   (emphasis in original).  Second, Plaintiff must show that he was engaging in conduct that was

20   protected, such as the filing of a grievance. *Rhodes*, 408 F.3d at 568. Third, he must show that his

21   protected conduct was the "substantial," or "motivating factor behind defendants' taking an

22   adverse action against him.'" *Brodheim*, 584 F.3d at 1271. Fourth, Plaintiff must prove that the

23   action Defendants took chilled the exercise of his First Amendment rights. *Id.* An objective

24   standard governs this chilling inquiry; a plaintiff does not need to show that "'his speech was

25   actually inhibited or suppressed,'" but instead, that "the adverse action at issue 'would chill or

26   silence a person of ordinary firmness from future First Amendment activities.'" *Rhodes*, 408 F.3d

27   at 568-69 (quoting *Mendocino Envtl. Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.

28   1999)). Fifth, Plaintiff must show that the adverse action "did not reasonably advance a legitimate

6

1    correctional goal." *Id.* at 568.

2           c.   **Punitive Damages**

3           Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

4    preponderance of the evidence.  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2018).

5    The jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . .

6    involves reckless or callous indifference to the federally protected rights of others." *Smith v.*

7    *Wade*, 461 U.S. 30, 56 (1986); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994).

8           d.   **Compensatory Damages**

9           Under 42 U.S.C. § 1997e(e), an inmate may not recover compensatory damages for

10   mental or emotional injuries suffered while in custody without a prior showing of physical

11   injury.  However, in *Oliver v. Keller,* 289 F.3d 623 (9th Cir. 2002), the Ninth Circuit held that to

12   the extent a plaintiff has actionable claims premised on constitutional violations, his claims are

13   not limited by § 1997e(e).  Accordingly, district courts in the Ninth Circuit consistently

14   concluded that if a plaintiff states a constitutional claim, as opposed to one for mental or

15   emotional injuries, the physical injury requirement of § 1997e(e) does not bar the award of

16   compensatory damages.  *See e.g., Cockcroft v. Kirkland,* 548 F. Supp. 2d 767, 776-77 (N.D. Cal.

17   2008) ("§ 1997e(e) does not apply to claims for compensatory damages not premised on

18   emotional injury . . . [t]he fact that Cockcroft never suffered any physical injury as a result of

19   [defendant] Linfor's alleged acts may make his Eighth Amendment claim of very little financial

20   value but does not make the claim non-existent."); *Low v. Stanton,* WL 234859, *4 (E.D. Cal.

21   Jan. 14, 2010) (finding that plaintiff may recover compensatory damages for the violation of

22   his Fourteenth Amendment rights).

23          e.   **Qualified Immunity**

24          Qualified immunity applies when an official's conduct does not violate clearly established

25   statutory or constitutional rights of which a reasonable person would have known.  *White v.*

26   *Pauly*, 137 S. Ct. 548, 551 (2017).  Officers are entitled to qualified immunity under Section 1983

27   unless (1) the officers violate a federal statutory or constitutional right, and (2) the unlawfulness

28   of their conduct was "clearly established at the time."  *District of Columbia v. Wesby*, 138 S. Ct.

577, 589 (2018); *White*, 137 S. Ct. at 551.

"Clearly established" means that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. *See Wesby*, 138 S. Ct. at 589; *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018). This is a "demanding standard" that protects "all but the plainly incompetent or those who knowingly violate the law." *Wesb*y, 138 S. Ct. at 589 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Thus, to be "clearly established," a rule must be dictated by controlling authority or by a robust consensus of cases of persuasive authority. *Wesby*, 138 S. Ct. at 589.

f.   **Impeachment by Evidence of Prior Felony Convictions**

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Additionally, any incarcerated witness who testifies is also subject to impeachment under Rule 609. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement from it. Fed. R. Evid. 609(b).

**ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY LISTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.**

XI. ABANDONED ISSUES

None.

XII.   WITNESSES

Plaintiff's witnesses shall be those listed in Attachment A. Defendant's witnesses shall be those listed in Attachment B. Each party may call any witnesses designated by the other.

**The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

a.   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference; or

8

b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in Paragraph C, below.

c. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witness so the Court may consider whether said witness shall be permitted to testify at trial.  The witness will not be permitted unless:

    i. The witness could not have reasonably been discovered prior to the discovery cutoff;

    ii. The Court and opposing parties were promptly notified upon discovery of the witness;

    iii. If time permitted, the party proffered the witness for deposition; and

    iv. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XIII. EXHIBITS, SCHEDULES, AND SUMMARIES

a. **Exhibit Binders**

    i. Plaintiff's exhibits are listed in **Attachment C**. Defendant's exhibits are listed in **Attachment D**. The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the following specifications:

        1. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.).

        2. Defendant's exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.) and shall be separated by tabs.

        3. Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendant's counsel shall submit the original and two (2) copies of the joint trial

exhibits, with exhibit lists and separated by tabs.

    4.  Exhibits that are multiple pages shall be marked with page numbers in addition to the prefix and exhibit number, on each page of the exhibit (e.g., PX-100, page 1 of 2, PX-100, page 2 of 2, etc.).

    5.  Each binder shall have an identification label on the front and spine.

**The parties shall submit these to Courtroom Deputy, Mamie Hernandez, no later than March 9, 2023.**

  b.  **Exchange of Trial Exhibits**

    i.  The parties shall also serve one (1) copy of all trial exhibits, along with their exhibit list, on each other no later than **February 14, 2023,** and any objections thereto are due no later than **February 28, 2023**. This includes any demonstrative evidence the parties intend to use.

  c.  **Use of Undisclosed Exhibits**

    i.  **The court does not allow the use of undisclosed exhibits for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

      **1.**  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

      **2.**  The exhibit was discovered after the issuance of this order **and** the proffering party makes the showing required in paragraph a, below.

        **a.**  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

          **i.**  The exhibits could not have reasonably been discovered

10

earlier;

    **ii.** The court and the opposing parties were promptly informed of their existence; and

    **iii.** The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied, the proffering party must show that it has made the exhibits reasonably available for inspection.

XIV.   DISCOVERY DOCUMENTS[2]

  a. The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of Court no later than **February 28, 2023**.

  b. The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.   **NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

  c. **Plaintiff's Proposed Discovery to be Proffered at Trial**

    i. Plaintiff's deposition taken by Defendants

    ii. Defendants' answer to interrogatories

    iii. Defendants' admissions

  d. **Defendants' Proposed Discovery to be Proffered at Trial**

    i. Transcript from Plaintiff's deposition

///

---

[2] The parties **SHALL** identify to their opponent the specific documents they intend to use at trial. Vaguely identifying documents as "discovery responses" or "responses to interrogatories," is insufficient **unless** the documents will be used **only** for impeachment.

XV.   FURTHER DISCOVERY OR MOTIONS

Plaintiff and Defendants state that no further discovery is necessary.  Defendants intend to file motions *in limine*.  If appropriate, Defendant may move for judgment as a matter of law under Federal Rule of Civil Procedure 50 at the close of Plaintiff's case in chief and before the case is submitted to the jury.  Furthermore, Defendants intend to file specific objections to Plaintiff's exhibits once parties exchange exhibits.  Law and Motion and Discovery are closed in this case. There is no indication in Plaintiff's pretrial statement that he intends to file any additional motions.

XVI.   STIPULATIONS

The parties have not agreed to any stipulations.

XVII.   AMENDMENTS/DISMISSALS

None.

XVIII. SETTLEMENT

The parties participated in a settlement conference on January 25, 2022, before United States Magistrate Judge Erica P. Grosjean and reached an impasse.  The parties participated in a second settlement conference on March 10, 2022, before United States Magistrate Judge Dennis M. Cota and reached an impasse.

XIX.   JOINT STATEMENT OF THE CASE

The Court has drafted the following neutral statement of the case to be read to the prospective jurors:

> Plaintiff claims that while he was incarcerated as a state prisoner, Defendant Borum told him that he was being placed on C-status for being a legal beagle, which is also known as an inmate who files complaints against staff and civil rights complaints against correctional officers.  Further, Plaintiff claims in June 2016, he appeared before a committee that consisted of Defendants Acebedo and Borum and was incorrectly placed on C-Status for three Rules Violations Report.  Plaintiff claims Defendants Acebedo and Bourm incorrectly placed him on C-Status to punish him for being a legal beagle.  Finally, Plaintiff alleges that Defendant Acebedo, who is Defendant Borum's supervisor was complicit in Defendant Borum's actions, should have corrected them, and knew that Defendant Borum was retaliating against plaintiff for being a legal beagle. Defendants Acebedo and Borum deny that they retaliated against Plaintiff.

1    The parties are directed to raise any objection to this neutral statement of the case in any

2    objections they file to this tentative Pretrial Order.

3    XX.    SEPARATE TRIAL OF ISSUES

4        There will be no separate trial of issues in this action.  However, as stated at the pretrial

5    conference, the Court will bifurcate the trial with respect to the amount of punitive damages, if

6    necessary.  Should a jury find punitive liability in the first phase of the trial, the trial will proceed

7    to a second phase which will consist of any evidence and argument with respect to the appropriate

8    amount of punitive damages.  The parties may not present evidence regarding the amount of

9    punitive damages until the second phase of the trial.

10   XXI.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

11       None.

12   XXII.  ATTORNEYS' FEES

13       Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees.  *Kay v. Ehrler*, 499

14   U.S. 432, 435 (1991).

15       Defendants Acebedo and Borum will seek an award of attorney's fees as appropriate as a

16   post-trial motion.

17   XXIII. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

18       Special handling of prison records and photographs may be appropriate as to any

19   confidential information where disclosure may compromise the safety and security of the

20   institution, staff, or other inmates.

21       If Defendants are required to disclose information concerning their financial status, they

22   will request that the Court issue a protective order concerning this information, under Local Rule

23   141.1(b)(2).

24       Pursuant to the Court's policy, at the end of the trial, the Court will return all exhibits to

25   their proffers to be retained during the pendency of any appeals.

26   XXIV. MISCELLANEOUS

27       None.

28   ///

XXV.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **March 14, 2023, at 8:30 a.m. in Courtroom 1** before the Honorable Ana de Alba. Trial is anticipated to last **three to four** court days. The parties are directed to Judge de Alba's standard procedures available on her webpage on the court's website. Counsel is directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5958, one week prior to trial to ascertain the status of the trial date.

XXVI. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

    a.  **Proposed Jury Voir Dire**

        i.  The parties shall file any proposed jury *voir dire* **by March 7, 2023**.  Each party will be limited to thirty minutes of jury *voir dire*, unless they show good cause for additional time.

    b.  **Proposed Jury Instructions**

        i.  The Court directs the parties to meet and confer, if possible, to generate a joint set of jury instructions and verdict forms.  The parties shall file any such joint set of instructions **by March 2, 2023**, identified as "Joint Jury Instructions and Verdicts." Defendant shall file proposed jury instructions as provided in Local Rule 163 **by March 2, 2023**. Plaintiff is not required to file proposed jury instructions, but if he wishes to do so, he must file them **by March 2, 2023.**

        ii. All jury instructions shall adhere to the following:

            1.  The instruction must state the party submitting the instructions.

            2.  The number of the proposed instruction in sequence.

            3.  A brief title for the instruction describing the subject matter.

            4.  The text of the instruction.

            5.  The legal authority supporting the instruction.

            6.  The parties shall, by italics or underlining, designate any modification from statutory or case authority, or any pattern or form instruction, or any other source of pattern instructions.

            7.  The parties must specifically state the modification made to the original

14

1                   form instruction and the legal authority supporting the modification.

2         8.   All blanks in form instructions should be completed and all brackets

3             removed.

4         9.   **Defendant shall e-mail a copy of all proposed jury instructions,**

5             **whether agreed or disputed, as a Word document to**

6             **adaorders@caed.uscourts.gov no later than March 2, 2023.**

7      iii.  The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent

8           possible. Otherwise, BAJI or CACI instructions shall be used where the

9           subject of the instruction is covered by BAJI or CACI. All instructions shall be

10          short, concise, understandable, neutral, and accurate statements of the law.

11          Argumentative or formula instructions will not be given and must not be

12          submitted. Quotations from legal authorities without reference to the issues at

13          hand are unacceptable.

14    c.  **Objections to proposed jury instructions**

15      a.  The Parties must file any objections to proposed jury instructions **by March 7,**

16         **2023**. Each objection shall identify the challenged instruction and shall provide a

17         concise explanation of the basis for the objection along with citation of authority.

18         When applicable, the objecting party shall submit an alternative proposed

19         instruction on the issue or identify which of his or her own proposed instructions

20         covers the subject.

21 XXVII.       <u>TRIAL BRIEFS</u>

22      The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the

23 parties wish to submit a trial brief, they must do so by **Feb. 28, 2023.**

24 XXVIII.     <u>VERDICT FORMS</u>

25      The court will prepare the verdict form, which the parties will have the opportunity to

26 review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do

27 so on or before **March 2, 2023**.

28 ///

1    XXIX. <u>OBJECTIONS TO PRETRIAL ORDER</u>

2         a.   Written objections to the pretrial order, if any, must be filed within **10 days** from the

3              date of service of this order. Such objections shall specify the requested modifications,

4              corrections, additions, or deletions.

5    XXX.  <u>COMPLIANCE WITH PRETRIAL ORDER</u>

6         Strict compliance with this pretrial order and its requirements is mandatory. The Court

7    will enforce the requirements of this pretrial order, and counsel and parties are subject to

8    sanctions for failure to comply fully with this order and its requirements. The Court will modify

9    the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court

10   ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure, the Local

11   Rules, and the Court's orders. Failure to do so will subject the parties and/or counsel to sanctions

12   as the Court deems appropriate.

13

14

15   IT IS SO ORDERED.

16   Dated:   October 14, 2022

17                                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

16

1

**ATTACHMENT A: Plaintiff's Witnesses**

2

| | Individual | Fact v. Expert | Contact Information |
|---|---|---|---|
| 1. | Lamont Shepard, Plaintiff | Fact | Lamont Shepard, K-29682 CALIFORNIA STATE PRISON, CORCORAN (3476) P.O. BOX 3476 CORCORAN, CA 93212-3476 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**ATTACHMENT B: Defendants' Witnesses**

| | Individual | Fact v. Expert | Contact Information |
|---|---|---|---|
| 1. | J. Acebedo<br>Defendant | Fact | Brian S. Chan<br>Office of the Attorney General<br>1300 I Street, Suite 125<br>Sacramento, CA 95814<br>916-445-3303<br>Email: brian.chan@doj.ca.gov |
| 2. | M. Borum<br>Defedant | Fact | (same as above) |
| 3. | M. Hernandez<br>Counselor | Fact | (same as above) |
| 4. | B. Hancock<br>Litigation Coordinator | Fact | (same as above) |
| 5. | Custodian of records for Plaintiff's central file and medical records | Fact | (same as above) |
| 6. | Custodian of records for the central file records of any inmate witnesses allowed to testify | Fact | (same as above) |

18

**ATTACHMENT C:  Plaintiffs' Exhibits**

| Ex. | Description | Beginning Bates Nos. | Ending Bates Nos. |
|---|---|---|---|
|  | California Department of Corrections and Rehabilitation 602 Appeal Record |  |  |
|  | Defendants' interrogatory responses |  |  |
|  | Defendants' admissions |  |  |
|  | Excerpt of Cal. Code Regs. Tit. 15, § 3000 |  |  |
|  | CDCR Committee Action, dated 11/19/2015 |  |  |
|  | Kern Valley State Prison 114 File |  |  |
|  | CDCR Committee Action, dated 6/1/2016 |  |  |
|  | CDCR Committee Action, dated 9/22/2016 |  |  |

**ATTACHMENT D:  Defendant's Exhibits**

| Ex. | Description | Beginning Bates Nos. | Ending Bates Nos. |
|---|---|---|---|
| | Abstract of Judgment representing Plainttef's felony conviction(s) and sentence(s) | | |
| | Abstract(s) of Judgment representing felony conviction(s) and sentence(s) of Plaintiff's inmate witnesses (if any) | | |
| | CDCR 115 Rules Violation Report, Log No. FA-15-08-077R, issued to Plaintiff for possession of a cellphone | | |
| | CDCR 115 Rules Violation Report, Log No. 9931, issued to Plaintiff for participation in a prison rit. | | |
| | CDCR 115 Rules Violation Report, Log No. 17807, issued to Plaintiff for refusing a housing assignment | | |
| | CDCR 115 Rules Violation Report, Log No. 19829, issued to Plaintiff for battery on a prisoner | | |
| | The June 1, 2016 classification committee chrono | | |
| | Select excerpts from the CDCR Department Operations Manual and Title 15 of the California Code of Regulations related to C-Status placement | | |
| | Select excerpts from Plaintiff's deposition, taken November 4, 2019 | | |
| | Select excerpts from Plaintiff's complaint, filed October 24, 2018 | | |
| | Select excerpts from Plaintiff's Central File Records | | |
| | Abstract of Judgment representing Plaintiff's felony conviction(s) and sentence(s) | | |
| | Abstract(s) of Judgment representing felony conviction(s) and sentence(s) of Plaintiff's inmate witnesses (if any) | | |
| | CDCR 115 Rules Violation Report, Log No. FA-15-08-077R, issued to Plaintiff for possession of a cellphone | | |
| | CDCR 115 Rules Violation Report, Log No. 9931, issued to Plaintiff for participation in a prison rit. | | |

20