UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>   v.<br><br>M. BORUM, J. ACEBEDO,<br><br>            Defendants. | Case No. 1:18-cv-00277-ADA-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 118) |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel ("Motion ") and Objection to Defendant's Notice of Appearance of Additional Counsel ("Objection") concurrently filed on December 12, 2022. (Doc. Nos. 118, 119). In his Motion, Plaintiff requests the Court to appoint him counsel because: he cannot afford counsel, his current classification does not provide him access to the law library, he has limited knowledge of the law, and he believes counsel is better positioned to present evidence and cross examine witnesses. (*See generally* Doc. No. 118). In his Objection, Plaintiff wishes to state for "appeal purposes" that he opposes the entry of the appearance of a second attorney on behalf of defendants as "unfair." (*See generally* Doc. No. 119). In passing, Plaintiff requests the "removal" of the judge overseeing the case. (*Id.*). Liberally construed, Plaintiff seeks recusal of the assigned judge(s).

Procedurally, this civil case is set for a jury trial to commence on March 14, 2023, before U.S. District Judge Ana de Alba. (Doc. No. 111). Because this is a civil case, the United States

Constitution does not require appointment of counsel. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). While a court has discretionary authority to appoint counsel for an indigent person to commence, prosecute, or defend a civil action under 28 U.S.C. § 1915, Plaintiff paid the filing fee for this action on March 28, 2018 and is not proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1)(stating the court has authority to appoint counsel for people unable to afford counsel). Consequently, at the outset, Plaintiff has not demonstrated he qualifies for court appointed counsel.

Even if Plaintiff is determined to be indigent, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *United States v. McQuade*, 519 F.2d 1180, 1181 (9th Cir. 1978). And the inability to afford counsel does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).

Challenges preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). And while "[p]risoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Plaintiff does not allege that officials have not provided him with legal materials he requests despite being physically prohibited from accessing the law library due to his classification status. And while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). Additionally, Plaintiff has demonstrated an ability to litigate this case pro se thus far. He has plausibly stated a claim to survive an initial screening, capably filed motions, and survived summary judgment.

Furthermore, although the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010

WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  General claims that an attorney will be better than Plaintiff at conduction cross examination and presenting evidence are not exceptional circumstances.  Thus, even assuming Plaintiff can demonstrate that he cannot afford counsel, Plaintiff has not shown exceptional circumstances to warrant appointment of counsel.

The Court notes Plaintiff's objection to the appearance of additional counsel for the record.  Although noted, the Court is not aware of any legal authority prohibiting a party from securing additional counsel.  Indeed, additional counsel is the norm when a case proceeds to trial against multiple defendants.

Finally, it is uncertain whether Plaintiff's passing reference that the judge be removed refers to the undersigned or District Judge de Alba.  Regardless, Plaintiff provides not factual basis for recusal of either judge.  Whether a federal judge is required to recuse oneself is governed by 28 U.S.C. § 455.  Title 28 U.S.C. § 455 provides that "any justice, judge or magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a).  "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Holland,* at 913.  "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913.

The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue." *Id*. at 914 (citation omitted).  Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial. *Id*. (citing *Liteky v. United*

*States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).  Here, Plaintiff complains only that the judge has "sided with defense" but otherwise the Objection is devoid of any factual specificity.  This sole complaint is woefully deficient to warrant judicial recusal.

Accordingly, it is ORDERED:

Plaintiff's Motion for Appointment of Counsel (Doc. No. 118) is DENIED.

Dated:    January 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4