UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BORUM and J. ACEBEDO,<br><br>        Defendants. | Case No.  1:18-cv-00277-ADA-HBK (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS AND SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION<br><br>**Settlement Statements Due: February 27, 2023**<br>**Telephonic Pre-Conference: March 6, 2023**<br>**Settlement Conference:       March 13, 2023** |

      On February 1, 2022, United States District Judge Ana de Alba referred this case to the undersigned for a settlement conference. (Doc. No. 122). As a result, pursuant to Local Rule 270(b), the Court sets this matter for a settlement conference. Absent any objection from the parties,[1] Magistrate Judge Helena Barch-Kuchta will hold a settlement conference on **Monday, March 13, 2023 at 10:00 a.m.** Unless all parties request the conference to be in-person, the

---

[1] Because the undersigned is not the trial judge, the Court's Local Rules do not prohibit the undersigned from conducing the settlement conference. Local Rule 270(b). If any party requests that the conference not be conducted by the undersigned, the undersigned will refer it to another Magistrate Judge. *Id*.

Court will conduct the settlement conference via video conference. The Zoom settlement conference invitation will be distributed the week prior.[2] The Court is aware that the parties have twice engaged in settlement discussions that resulted in an impasse. The Court nonetheless has reserved the entire day for this settlement conference and expects the parties will proceed with the settlement conference in good faith and attempt to resolve this case.

Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference in person: (1) the attorney(s) or pro se litigant who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms. *See* Local Rule 270(f). ***Whether one or more of the named defendants' attendance will be required will be discussed at the March 6, 2023 Pre-Settlement Telephone Conference.***

**No later than Monday, February 27, 2023**, each party must submit a settlement statement either by email to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov or by mail to U.S. District Court, P.O. Box 575, Yosemite National Park, CA 95389. ***The statement should neither be filed on the docket nor served on any other party.*** In compliance with Local Rule 270(d)-(e), the undersigned will use the settlement statements to prepare for and conduct the settlement conference. The statements will not become part of the case file and will be shred upon conclusion of the conference under Local Rule 270(e). If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The settlement statements should not exceed ten (10) page, excluding exhibits and should include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the parties' relevant position on the factual and legal issues and brief review of the evidence to support the parties' factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial

---

[2] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at PApodaca@caed.uscourts.gov

1  matters, in specific dollar terms;

2  (4) your best estimate of the probability that plaintiff will prevail should this case proceed

3  to trial;

4  (5) your best estimate of the damages or relief plaintiff may recover should this case

5  proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if

6  applicable);

7  (6) a history of settlement discussions (including a listing of any current settlement offers

8  from any party, in specific dollar terms), a candid statement of your party's current position on

9  settlement, including **the amount that you will give/accept to settle** (in specific dollar terms),

10  and a statement of your expectations for settlement discussions;

11  (7) a list of the individuals who will be attending the settlement on the party's behalf,

12  including names and, if appropriate, titles;

13  (8) no more than ten (10) pages of exhibits (not already filed in the docket) to the extent a

14  party believes the exhibits are relevant to their position.

15  At the beginning of the settlement conference, the parties' counsel may give a brief (five-

16  minute) opening presentation outlining the factual and legal highlights of their case before the

17  parties break into separate caucuses.  The undersigned reserves the right to forego counsels'

18  opening presentations if the undersigned determines that such presentations are not likely to be

19  productive.

20  Notwithstanding the provisions of Federal Rule of Evidence 408, all parties' statements

21  relating to the substance or merits of the case, whether written or oral, made for the first time

22  during the settlement conference will be deemed to be confidential and shall not be admissible in

23  evidence for any reason in the trial of the case, should the case not settle.  This provision does not

24  preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the

25  settlement conference.

26  Judge Barch-Kuchta will hold a short, pre-settlement conference telephone discussion on

27  **Monday, March 6, 2023, at 1:00 p.m.** (dial-in number: 1-888-204-5984; passcode: 4446176).

28  Only the lead attorney from each side should participate.  At Judge Barch-Kuchta's discretion, the

joint telephonic discussion may be followed by private telephonic discussions between the judge and each party.

Dated:   February 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE